J. R. BLACKABY, Appellant, v. ARTHUR DUNNING, Respondent; PORTLAND CATTLE LOAN CO., Respondent; THOMAS T. KOHOUT, Intervenor and Appellant; HORACE DUNNING and DOW DUNNING, Intervenors and Respondents.

[232 Pac. 566.]

STATUTORY CONSTRUCTION—STATUTES IN PARI MATERIA—GARNISHMENT —JUDGMENT AGAINST GARNISHEE — ADMISSION OF LIABILITY — NOTICE OF MOTION FOR JUDGMENT—VOID JUDGMENT—VACATION OF JUDGMENT.

1. C. S., secs. 6793 and 6794 are in *pari materia,* and must be construed together.

2. Under C. S., secs. 6793 and 6794, judgment cannot be rendered against a garnishee, unless his answer unqualifiedly admits liability to the defendant, and unless he has been served with written notice of the motion for judgment.

3. Judgment rendered against a garnishee on his answer is void where the answer does not unqualifiedly admit liability to the defendant, and the garnishee has not been served with written notice of the motion for judgment.

Publisher's Note.

1. Construction together of statutes in *pari materia,* see notes in 18 Ann. Cas. 424; Ann. Cas. 1915A, 186.

APPEAL from the District Court of the Third Judicial District, for Owyhee County. Hon. Charles F. Reddoch, Judge.

Action on promissory note and for debt. Appeal from order setting aside judgment against garnishee. *Affirmed.*

C. S. Hunter and Leslie J. Aker, for Appellant.

A judgment is a vested property right and cannot be arbitrarily set aside, diminished or destroyed. (*Ticknor v. McGinnis,* 33 Ida. 312, 193 Pac. 850; *Merchants' Bank etc. v. Ballou,* 98 Va. 112, 81 Am. St. 715, 32 S. E. 481, 44 L. R. A. 306.)

A judgment should not be vacated unless it is unjust as to the judgment debtor and he is injured thereby. (*Richards v. Richards,* 24 Ida. 87, 132 Pac. 576; *McElroy v. Board of Education,* 158 App. Div. 219, 142 N. Y. Supp. 1090; *Stancil v. Gay,* 92 N. C. 455.)

The judgment against the garnishee-defendant is in the nature of a judgment by consent or by confession and the garnishee is estopped from having same set aside. (C. S., sec. 6793; *Eagleson v. Rubin,* 16 Ida. 95, 100 Pac. 765; Shinn on Attachment, 1023.)

A judgment should not be vacated unless shown to be contrary to justice and that the moving party has a valid defense. (*Lewis v. Warren & Anderson Furn. Co.,* 31 Ida. 4, 168 Pac. 1142; *Anderson v. Collin,* 28 Ida. 494, 155 Pac. 677.)

A judgment against a garnishee who has admitted an indebtedness is valid and not void or voidable. (C. S., sec. 6793; Shinn on Attachment, 1047, and cases cited; sec. 7578, North Dakota Compiled Laws; sec. 6736, Utah Compiled Laws; sec. 124, Mills' Ann. Code (Colo.), for similarity.)

Martin & Martin, for Intervenor and Appellant Kohout.

Karl Paine, for Respondent.

Elliott & Healy, for Intervenors and Respondents Dunning.

The judgment against the Portland Cattle Loan Co. was void because rendered without notice. (C. S., secs. 6494, 6793, 6794.)

The judgment against the Portland Cattle Loan Co. was void because no indebtedness or liability to the defendant Arthur Dunning was admitted. (C. S., sec. 6793.)

McCARTHY, C. J.—Appellant Blackaby brought an action in the district court for Owyhee county against respondent Arthur Dunning to recover on a promissory note and on a debt, and attachment was levied upon 350 tons of hay. Arthur Dunning had sold the hay to one Ross, who had assigned the contract to respondent Portland Cattle Loan Co., hereinafter called the company. Appellant served a notice of garnishment and interrogatories upon the company, through its statutory agent, Karl Paine. The company was required to state whether it owed respondent Arthur Dunning any money, and specifically whether it owed him money on the contract for the purchase of the hay. The company made an answer consisting of a written, unsworn statement signed by its secretary and an affidavit by its agent, Karl Paine. The affidavit must be considered part of the answer. The unsworn statement alleged that the company owed Arthur Dunning $1,000 more or less on the contract. The affidavit of Mr. Paine stated that the amount due and unpaid on the contract for the purchase of the hay was $592.66, that Ross had agreed to pay one Horace Dunning, who had a mortgage on the hay, any balance due Arthur Dunning on the contract in satisfaction of said mortgage, over and above the amount of $500, which had already been paid. The affidavit also stated that the company offered to pay the amount of $592.66 into court to abide decision as to whether the said Horace Dunning or appellant Blackaby was entitled thereto. Appellant obtained a judgment against respondent Arthur Dunning by default. The gar-

nishment papers, including the company's return thereto, were filed by Judge Reddoch of the third judicial district at his chambers in Boise. Before the expiration of three days from the time when the return of the garnishee was filed with him, the district judge rendered a judgment against the company as garnishee and in favor of appellant for $592.66. The hay was sold on execution to intervenor and appellant Kohout. The company moved to vacate the judgment on the grounds, among others, that the judgment was taken against it without due notice or any notice whatever, and without due process of law. The affidavit of Mr. Paine, filed in support of this motion, states that the judgment against the garnishee was taken without any notice to it. This is denied by the affidavit of Leslie J. Aker, attorney for appellant, filed in opposition to the motion. The motion was apparently heard on the conflicting affidavits. A motion to strike the motion to vacate the judgment and an application to enjoin interference with the execution purchaser were also filed, but need not be discussed for the purposes of this appeal. Mr. Paine's affidavit in support of the motion states that the claim on the part of Horace Dunning is a *bona fide* one. Mr. Aker's affidavit in opposition states that the claim is fraudulent. The court set aside the judgment, ordered the garnishee company to deposit the said sum of $592.66 with the clerk of the Owyhee County District Court to be held until further order, and further ordered that Horace Dunning be required to appear and set forth his rights, if any, to said sum of money within seven days after service on him of a copy of the order. In response to this order the said Horace Dunning intervened. This appeal is taken by Blackaby from the order setting aside the judgment. The reason assigned by the district court for setting aside the judgment was that it was void for want of jurisdiction.

The decision of this case seems to depend upon an interpretation and application of two sections of our statutes, to wit, C. S., secs. 6793 and 6794. C. S., sec. 6793, provides:

"Sec. 6793. If the answer of the garnishee be not excepted to, or denied within three days after its filing, unless the court, or judge in vacation, for good cause shown, gives longer time, it shall be taken to be true and sufficient, and if in such case any indebtedness or liability is admitted, judgment shall be rendered accordingly, and the garnishee shall be allowed a reasonable sum out of the funds or property confessed in his hands for his trouble and expense in answering. If all liability is denied, and the denial is uncontroverted, the garnishee shall be discharged at the cost of the plaintiff. In contested cases the costs shall be adjudged as in ordinary cases between plaintiff and defendant."

C. S., sec. 6794, provides:

"Sec. 6794. If the garnishee admits in his answer that he is indebted to the defendant, or has money or property of the defendant in his hands, or under his control, and fails or refuses to turn the same over to the officer as in section 6788 is provided, the plaintiff may move the court out of which the writ issued, on or before the return day thereof, for judgment against the garnishee for the amount of such admitted debt, or for the delivery to the officer of the money or property of the defendant in his hands, to an amount sufficient to satisfy the plaintiff's claim; serving the garnishee with due notice of the said motion; and at the hearing thereof the court shall render such judgment as shall be conformable to law and the facts shown to exist."

If the entry of judgment against the company as garnishee can be upheld at all, it must be under these sections. They are *in pari materia,* were enacted simultaneously, and must be construed together. C. S., sec. 6793, authorizes an entry of the judgment against a garnishee only if there is an unconditional and unqualified admission of liability from the garnishee to the defendant. Section 6794 provides that the garnishee must be served with due notice of the motion for judgment. This language clearly contemplates that the garnishee be served with a written notice. The answer of the company as garnishee did not make an unconditional and unqualified admission of liability from it to the defendant.

It merely admitted that the purchase price of the hay had not been fully paid and asserted a claim of a third party, to wit, Intervenor Horace Dunning, which raised a question as to whether the money should be paid to him or to appellant. There is no showing in the record that the company as garnishee was served with due notice of a motion for judgment. For these reasons the entry of judgment against it was not authorized under the provisions of secs. 6793 and 6794.

Appellant contends that he has a property right in his judgment against the garnishee of which he was wrongfully deprived by the order of the court. It is elementary that observance or fulfillment of the requirements of due process are necessary to the validity of a judgment, and, in such cases as this, the requirements of due process under our statutes are that there be an unqualified admission of liability on the part of the garnishee and that he be served with due notice of the application for judgment. As these requirements were not met the judgment was void for lack of jurisdiction, and nobody has a property right in a void judgment. For the reasons given above we conclude that the district court acted correctly in setting the judgment aside. The order that Horace Dunning be made a party is justified by the provisions of C. S., sec. 6657, relating to the bringing in of additional parties on the order of the court. The question whether the claim of the mortgagee Horace Dunning is fraudulent could not be tried out upon the affidavits filed in support of and in opposition to the motion to set aside the judgment, a proceeding to which he was not a party. The course pursued by the district court is the only one which can result in the doing of ultimate justice to all concerned.

We find it unnecessary to pass upon other questions discussed in the briefs. The order appealed from is affirmed with costs to respondent Portland Cattle Loan Co.

William A. Lee and Wm. E. Lee, JJ., concur.